**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CHRISTOPHER MILLER,**

                              **Plaintiff,**

                    **v.**

**CITY OF ITHACA, NEW YORK**
**et al.,**

                              **Defendants.**
_____

                    **6:14-cv-1160**
                    **(GLS/DEP)**

## <u>SUMMARY ORDER</u>

   Plaintiff Christopher Miller commenced this action, alleging claims

pursuant to the Americans With Disabilities Act[1] and the New York Human

Rights Law (NYHRL).[2]  Defendant City of Ithaca, New York moved to

dismiss, (Dkt. No. 14), and, shortly thereafter, Miller voluntarily dismissed

the action, (Dkt. No. 16).  Pending before the court is the City's motion for

attorney's fees.  (Dkt. No. 17.)  For the reasons that follow, the motion is

denied.

   The parties have a torrid past that is all too familiar to the court.  In a

separate case, Miller, a former police officer, filed suit and took a jury

_____

   [1] *See* 42 U.S.C. §§ 12101-12213.

   [2] *See* N.Y. Exec. Law §§ 290-301.

verdict against the City and some individuals in its police department for retaliation under Title VII of the Civil Rights Act of 1964 and the NYHRL. (Dkt. No. 662, 3:10-cv-597.)  The instant action, commenced by filing a summons and notice, was removed from Supreme Court in Oneida County in September 2014.  (Dkt. No. 1.)  Miller alleged an ADA and companion NYHRL claim stemming from his assertion that he was subjected to unlawful discrimination on account of his claimed disability.  (Compl., Dkt. No. 7.)  The City moved to dismiss the complaint shortly thereafter, (Dkt. No. 14); before adjudication of that motion, Miller voluntarily dismissed the case without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, (Dkt. No. 15).

The City seeks fees pursuant to 42 U.S.C. § 2000e-5(k), arguing that it is entitled to an award because Miller's claims were frivolous or brought in bad faith.  (Dkt. No. 17.)  Miller contends that the City is not entitled to attorney's fees because it is not a prevailing party.  (Dkt. No. 19 at 1-5.)  Because the City is not a prevailing party within the meaning of the fee shifting statute, *see* 42 U.S.C. § 2000e-5(k), the court agrees with Miller.

"'[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or

groundless.'" *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 178 (2d Cir. 2006) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). Importantly here, however, "[a] notice of dismissal pursuant to . . . Rule . . . 41(a)(1) does not constitute relief from the court on the merits of a claim or a judicial *imprimatur* altering the legal relationship between the parties such that any party may claim 'prevailing party' status." *Tidwell v. Krishna Q Invs., LLC*, 935 F. Supp. 2d 1354, 1359 (N.D. Ga. 2012) (collecting cases).

Here, quite simply, whether Miller's claims were frivolous, unreasonable, or groundless, the City is not a prevailing party such that the fee shifting provision is triggered. Indeed, there was "no judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001). Instead, it was Miller's voluntary dismissal that brought a close to the action, which required no judicial approval whatsoever. *See* Fed. R. Civ. P. 41(a)(1)(A) (permitting voluntary dismissal "[w]ithout a Court Order"). For these reasons, an award of fees to the City is inappropriate.

Accordingly, it is hereby

3

**ORDERED** that the City's motion for attorney's fees (Dkt. No. 17) is

**DENIED**; and it is further

**ORDERED** that the Clerk shall provide a copy of this Summary Order

to the parties.

**IT IS SO ORDERED.**

December 22, 2015
Albany, New York

Gary L. Sharpe
U.S. District Judge